C. W. GILLESPIE V. THE STATE.

No. 8972.    Delivered April 15, 1925.

1.—Possessing Intoxicating Liquor—Charge of Court—On Principals—Properly
    Submitted.

Where on a trial for the possession of intoxicating liquor, the evidence
disclosed that four gallons of corn whisky was found in appellant's automo-
bile, he having testified that the whisky belonged to another, the issue of
principals was raised, and the court properly submitted the law of principals
in his charge.

2.—Same—Circumstantial Evidence—Charge on—Properly Refused.

Where the evidence discloses that four gallons of corn whisky was found
in appellant's possession, a charge on circumstantial evidence is properly re-
fused.

3.—Same—Evidence—Immaterial—Properly Excluded.

Immaterial details of a supposed conversation of appellant with the
ubiquitous stranger whom he claimed was the owner of the corn whisky
found in his possession, were properly excluded, he having been permitted to
testify as to all pertinent acts and declarations of said stranger, none of
which testimony was brought out by the state.

Appeal from the District Court of Palo Pinto County.    Tried
below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of possessing intoxicating liquor for the
purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant
State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of
Palo Pinto County for the offense of having intoxicating liquor
for purposes of sale in his possession and his punishment assessed
at confinement in the penitentiary for a term of one year.

The State's testimony shows that appellant was arrested while alone
in his automobile in the town of Mineral Wells and that in said car
at the time was found a certain carton of fruit jars containing an
aggregate of about four gallons of corn whiskey.    The State also
proved by two witnesses that shortly before the arrest he offered
to sell them corn whiskey.    The appellant claimed that a stranger,
whose name was thought by him to be Feast, after asking for a
ride from Palo Pinto to Mineral Wells, had put the carton in the

car at the former place and left it in the car on.reaching the latter place, and that the appellant had no knowledge that it contained whiskey and had no ownership therein.

Appellant complains of the charge of the court on principals, because, he claims, there is no evidence, circumstantial or otherwise, showing that defendant acted with any one therein. This objection is not tenable. The defendant's testimony clearly and cogently raised the issue of principals, and the court's charge submitting this issue is a clear and concise exposition of the law.

We cannot sustain appellant's contention that the law of circumstantial evidence should have been charged, because the State's evidence is direct and positive that appellant possessed the liquor and that he offered liquor for sale.

Bill of exception No. 2 complains of the court's action in not permitting appellant to testify to the details of a conversation he had with the man he hauled from Palo Pinto to Mineral Wells, to the effect that ''When said unknown man got out of defendant's automobile he asked defendant how long he was going to be there . . . and that said man told defendant he wanted to leave his carton in his car while he went to the Post Office garage on business and that if he was unable to close up his business deal with a negro there he would come back and get the carton and remain in Mineral Wells, otherwise he wanted to go to Fort Worth with the defendant.'' The court permitted appellant to testify fully as to the ownership of the whiskey being in the unknown man and to appellant's lack of knowledge of the placing of the liquor in the car. He was also permitted to testify that when the unknown man got out of the car and left him he was ''to be gone a short time.'' This clearly protected any right appellant had in the matter. The State had not offered any part of this conversation, and therefore, in our opinion, the authorities cited by appellant are not in point.

Finding no error in the record, it is our opinion that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the · Court of Criminal Appeals and approved by the Court.